IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY A. CARDENAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIV-05-1313-L |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
|   Commissioner of Social Security | ) |
|   Administration, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

    Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her concurrent applications for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that

the Commissioner's decision be affirmed.

I. Background

Plaintiff filed her applications for benefits on May 16, 2003 (protective filing date), alleging that she became disabled on April 29, 2003. (TR 46-48, 55, 283-286). She alleged that she was disabled due to degenerative disc disease and mitral valve prolapse. (TR 66). Plaintiff stated that she has a 12th grade education, and she described previous work as a motel housekeeper, convenience store cashier/cook, grocery store cashier, and nursing home housekeeper and laundry worker. (TR 59, 72). Plaintiff's applications were administratively denied. (TR 34, 35, 287, 290). Plaintiff described pain in her lower lumbar area that is constant, increases with any physical activity, radiates to her right leg, and that has limited her activities since November 2002. (TR 80). She stated that she cannot bend, squat, or stoop, and that pain limits her ability to stand and sit and causes "periods of moderate depression." (TR 81).

At Plaintiff's request, a hearing *de novo* was conducted on April 7, 2005, before Administrative Law Judge Kallsnick ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. (TR 297-330). At her hearing, Plaintiff testified that she was 48 years old, had two teenage children living with her, and that her impairment due to mitral valve prolapse was "doing just fine." (TR 302, 309). However, Plaintiff testified that her impairment due to degenerative disc disease was getting worse and caused low back pain and leg pain that increased with prolonged standing or sitting. (TR 307, 309-310). Plaintiff stated that she took medication for depression, had not sought treatment for depression, and

that the anti-depressant medication "takes care of the [depression] pretty much." (TR 308-309).  Plaintiff estimated that she could drive "around town," sit for 25 to 30 minutes, stand for 10 to 15 minutes, and walk 30 to 40 feet, and she stated that she spent 5 to 6 hours each day resting in a recliner to ease her pain. (TR 304, 310-311).  Plaintiff stated she could not bend, stoop, or lift over 10 pounds, that she had problems sleeping due to pain, and that her medications took the "edge off" but did not relieve her pain. (TR 311-312, 320).  The VE testified that Plaintiff's previous jobs as a housekeeper, cashier, and laundry worker were unskilled jobs performed at the light exertional level, as classified in the United States Department of Labor's <u>Dictionary of Occupational Titles</u>. (TR 322).  For an individual who has the ability to perform work at the light exertional level, who would have occasional "chronic pain that would be of sufficient severity that it would be noticeable for her, but nonetheless, she could remain attentive and responsive in a work setting," who "does take medication to relieve some of her symptomatology," and who would occasionally "need to change positions to relieve her symptomatology," the VE testified that this individual could perform Plaintiff's previous jobs as a housekeeper, cashier, and laundry worker. (TR 322-324).

Following the hearing, the ALJ issued a decision (TR 15-21) in which the ALJ found that Plaintiff has severe impairments due to mitral valve prolapse and a spinal disorder.  The ALJ further found that these impairments are not presumptively disabling.  Despite these impairments, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a wide range of work at the light exertional level. (TR 19).  Considering this RFC

for work and relying on the VE's testimony concerning the requirements of Plaintiff's previous jobs, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act because she retains the capacity to perform her previous jobs as a housekeeper, cashier, and laundry worker. (TR 19-20). Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied. (TR 7-9). Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination.

II. Standard of Review

Judicial review of this Complaint is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). The court will look to the record as a whole to determine whether the evidence which supports the Commissioner's decision is substantial in light of any contradicting evidence. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984); Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983)(*per curiam*). If the Commissioner fails to apply the correct legal standard or substantial evidence does not support the Commissioner's decision, the court may reverse the Commissioner's findings. Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984)(*per curiam)*. The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). To find that the Commissioner's decision is supported by substantial evidence in the record, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion. Bernal v. Bowen, 851 F.2d 297,

299 (10th Cir. 1988).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§416(i), 1382c(a)(3)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f) (2005); see also Williams v. Bowen, 844 F.2d 748, 750-752 (10th Cir. 1988)(describing five steps in detail). The claimant bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§404.1512, 416.912 (2005); Turner v. Heckler, 754 F.2d 326, 328 (10th Cir. 1985). Where the plaintiff makes a *prima facie* showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show "the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." Turner v. Heckler, 754 F.2d at 328; Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

III. ALJ's Consideration of the Evidence

Plaintiff first contends that the ALJ erred by ignoring "vital probative evidence which contradicted his findings." Plaintiff's Brief, at 11. The Tenth Circuit has explained the level of reasoning required in an ALJ's decision:

> The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as

>significantly probative evidence he rejects.

Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted).  Plaintiff presents a general challenge to the ALJ's evaluation of the evidence in his decision.  Plaintiff points to particular medical records but fails to explain how the ALJ's failure to express his consideration of this evidence affected his decisionmaking.  The ALJ noted in his decision that the medical evidence showed Plaintiff has "a history of lower back pain." (TR 17).  The ALJ further discussed the results of testing of Plaintiff's spine by medical professionals and Plaintiff's statements concerning her pain and ability to walk on one occasion to her treating physician's assistant. (TR 17).  The ALJ found that Plaintiff has a severe impairment due to a spinal disorder and that this impairment, in combination with her cardiac impairment, limits her to performing work at the light exertional level.  The ALJ provided an explanation in his decision, with specific references to the medical record, to support his findings that Plaintiff's allegation of disabling pain was not credible and that Plaintiff has the RFC to perform work at the light exertional level despite her severe impairments. (TR 18-19).  The records Plaintiff posits were "ignored" by the ALJ are related to treatment for her spinal impairment.  Plaintiff has not set forth a reasoned argument as to why the ALJ should have expressed his consideration of these particular records in light of the ALJ's findings that she has a severe spinal impairment that significantly affects her ability to work.  This allegation of error is without merit.

IV. Step Three

Plaintiff contends that the ALJ's finding that her spinal impairment is not disabling

*per se* is not supported by substantial evidence. Plaintiff asserts that her spinal impairment is severe enough to satisfy the listing for spinal disorders at 20 C.F.R. pt. 404, subpt. P, § 1.04(A) ("Listing 1.04(A)").

At the third step of the requisite sequential evaluation procedure, the ALJ "determines whether the impairment is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity," pursuant to 20 C.F.R. §§ 404.1520(d), 416.920(d). Bowen v. Yuckert, 482 U.S. 137, 141 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled." Id.

> Listing 1.04(A) describes an impairment due to:
>
>> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P, §1.04(A)(2005).

The medical evidence reflects Plaintiff has been diagnosed with degenerative disc disease. (TR 111, 176, 225). Consistent with the medical evidence, the ALJ stated in his decision that Plaintiff has a severe impairment due to a spinal disorder. The ALJ found, however, that Plaintiff's spinal disorder did not meet or medically equal the requirements of

Listing 1.04(A). (TR 18). The ALJ referred in his decision to the results of a November 2002 magnetic resonance imaging scan of Plaintiff's lumbar spine which was interpreted by the radiologist as showing narrowing of disc spaces at two levels but no evidence of significant encroachment upon the thecal sac or nerve root. (TR 17). The ALJ also referred to the interpretations by medical professionals of a computerized tomographic scan of Plaintiff's lumbar spine conducted in October 2002, the results of an x-ray of Plaintiff's mid-thoracic spine conducted in April 2005, and the results of electromyographic and nerve conduction studies of Plaintiff's right arm and hand conducted in March 2005, as well as treatment notes of a physician's assistant dated January 10, 2005. (TR 17).

These interpretive reports and treatment notes (TR 92, 110-111, 225, 238, 262) were accurately described by the ALJ. The objective medical evidence provides substantial evidence to support the ALJ's finding that Plaintiff's spinal disorder does not satisfy or medically equal the requirements of Listing 1.04(A). There is no objective medical evidence in the record of nerve root or spinal cord compromise or compression sufficient to satisfy the listing. Accordingly, no error occurred in this regard.

The ALJ's findings with respect to the credibility of Plaintiff's allegation of disabling pain and RFC for work are well supported by the record, and these findings will not be disturbed. No doctor has stated that Plaintiff is unable to work, and one of Plaintiff's treating physicians encouraged her to obtain vocational rehabilitation training so that she could return to work. (TR 110). One treating physician noted that Plaintiff exhibited "some symptom magnification" during a physical examination in September 2003 (TR 113), and this

physician also noted that Plaintiff admitted she had not complied with the home exercise program the physician previously prescribed to strengthen her back. (TR 110). A nurse who examined Plaintiff in May 2004 noted that Plaintiff exhibited intact gross and fine motor skills and intact strength. (TR 204).

The VE provided testimony concerning the exertional requirements of Plaintiff's past work, and this testimony supports the ALJ's finding that Plaintiff's previous jobs fall within her RFC for work at the light exertional level.[1] Accordingly, the Commissioner's decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's applications for disability insurance and supplemental security income benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____June 15th_____, 2006, in accordance with 28 U.S.C. §636 and LCvR 72.1. The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

---

[1] Light work is described by the agency as work involving lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds, as well as a "good deal of walking or standing, or ... sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b)(2005).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this    26th    day of    May   , 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE